MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
NPM STAFFING, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM STEPHENSON, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NPM STAFFING, LLC, a New Jersey limited liability company; FAIRFIELD RESIDENTIAL HOLDINGS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'19CV2337 BEN BLM**<br><br>[San Diego Superior Court Case No. 37-2019-00048001-CU-OE-CTL]<br><br>**DEFENDANT NPM STAFFING, LLC'S NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA"), 28 U.S.C. §§ 1441, 1446, AND 1453**<br><br>State Action Filed:   Sept. 11, 2019<br><br>State Action Served: Nov. 7, 2019 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

DB1/ 110230222.1

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

> **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b), and 1446, Defendant NPM Staffing, LLC (hereinafter "NPM" or "Defendant"), hereby removes to this Court the above-entitled action, pending as Case No. 37-2019-00048001-CU-OE-CTL in the Superior Court of the State of California for the County of San Diego (the "State Court Action").

## I.   INTRODUCTION

1.   This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

## II.   PROCEDURAL BACKGROUND

2.   On September 11, 2019, Plaintiff Jim Stephenson ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of San Diego, entitled JIM STEPHENSON, an individual on behalf of himself and all others similarly situated, vs. NPM STAFFING, LLC, a New Jersey  limited liability company; FAIRFIELD RESIDENTIAL HOLDINGS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive, Case No. 37-2019-00048001-CU-OE-CTL (the "Complaint").

3.   On November 7, 2019, Plaintiff served Defendant with a copy of Plaintiff's Complaint, Summons, and accompanying service documents. A copy of Plaintiff's Complaint, Summons and accompanying documents is attached here as **Exhibit A** to the declaration of Jennifer Zargarof ("Zargarof Decl.")**.**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

4.    On December 6, 2019, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of San Diego. A copy of Defendant's Answer is attached here as **Exhibit B** to the Zargarof Decl.

5.    Exhibits A and B constitute all process, pleadings, and orders filed by and/or served by Defendant or on Defendant to date in the State Court Action. Zargarof Decl. ¶ 4.

6.    Plaintiff has brought a putative class action on behalf of all non-exempt employees who have worked for Defendant in California. Zargarof Decl., Ex. A, ¶ 1.

7.    Plaintiff alleges the following violations in eight causes of action against Defendant: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code § 510; (3) Meal Period Liability Under Labor Code § 226.7; (4) Rest-Break Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 203; (7) Failure to Reimburse Necessary Business Expenses § 2802; and (8) Violation of Business & Professions Code § 17200, *et seq*. (*Id*. ¶¶ 46-108.)

## III.    REMOVAL IS TIMELY

8.    Defendant was served with the Summons and Complaint on November 7, 2019. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been in this matter.

## IV.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

9.    Plaintiff seeks to bring this action as a putative class action on behalf of the putative class under Cal. Code Civ. Proc. § 382. (*See* Zargarof Decl., Ex. A ¶ 11.) Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

3

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs. 28. U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

10.     Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and his prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C § 1332(d)(2).

**A.    <u>The Proposed Class Contains At Least 100 Members.</u>**

11.     Plaintiff asserts claims on behalf of himself and "all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees" of Defendant. Zargarof Decl., Ex. A ¶ 1. A review of Defendant's records shows that, based on Plaintiff's definition, the proposed class contains well over 100 current/former employees.

**B.    <u>Diversity of Citizenship Exists.</u>**

12.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 20 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original

---

[1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against them under applicable California law.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

4

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

1  diversity jurisdiction for class actions meeting the minimal diversity requirement
2  set forth in 28 U.S.C. § 1332(d)(2)).

3       13.   "An individual is a citizen of the state in which he is domiciled…"
4  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) (citing
5  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of
6  diversity of citizenship jurisdiction, citizenship is determined by the individual's
7  domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F. 2d 747, 750 (9th
8  Cir. 1986). Evidence of continuing residence creates a presumption of domicile.
9  *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

10      14.   Plaintiff admits that he "has resided in California and, during the time
11 period relevant to this Complaint, was employed …within the State of California."
12 Zargarof Decl., Ex. A ¶ 4. The Complaint does not allege any alternate state
13 citizenship. Defendant's records show that Plaintiff's last known address is in
14 California. Therefore, the Plaintiff is a citizen of California for diversity jurisdiction
15 purposes.

16      15.   Moreover, Plaintiff has brought claims on behalf of alleged putative
17 class members who worked for Defendants in California. Zargarof Decl., Ex. A ¶ 1.
18 Thus, at least one putative class member is a citizen of California for diversity
19 jurisdiction purposes.

20      16.   For the purposes of determining the citizenship of a limited liability
21 company, it is treated the same as an unincorporated association. *See Johnson v.*
22 *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).
23 "Notwithstanding LLCs' corporate traits, however, every circuit that has addressed
24 the question treats them like partnerships for the purposes of diversity jurisdiction."
25 *See Id. citing, Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th
26 Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d
27 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*
28 *LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

5

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

*Ltd P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

17.    Therefore, for the purposes of diversity jurisdiction, the corporate citizenship rule does not apply to LLCs. *See* 28 U.S.C. § 1332(c). Instead, the Ninth Circuit looks to the citizenship of each of the LLC's members. *See Johnson*, 437 F.3d at 899; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990). Consistent with its sister circuits, the Ninth Circuit has held that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens. *See Johnson*, 437 F.3d at 899.

18.    Defendant NPM Staffing, LLC is now, and was at the time Plaintiff filed the Complaint, a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in New Jersey. The sole member of Defendant NPM Staffing, LLC is National Property Management Group, LLC, a limited liability company organized under the laws of the State of New Jersey.

19.    National Property Management Group, LLC is comprised of three individual members, Dana Kares, Steve Schoeffler, and Don Sullivan. Each individual is resident in New Jersey. Therefore, Nationa Property Management Group, LLC is a citizen of the State of New Jersey.

20.    None of Defendant NPM Staffing, LLC's members is a citizen of California. Thus, at all times relevant hereto, Defendant NPM Staffing, LLC has not been a citizen of California.  Thus, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen and/or resident of the State of California for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

21.    Further, the Complaint alleges that Defendant Fairfield Holdings, LLC is a Delaware limited liability company. Zargarof Decl. ¶ 6. Thus, Defendant assumes for the purposes of this Removal that Defendant Fairfield Holdings, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

6

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

1  is not a citizen of California. Even if Defendant Fairfield Holdings, LLC is found to

2  be a citizen of California, under CAFA, a class action may be removed pursuant to

3  diversity jurisdiction "without regard to whether any defendant is a citizen of the

4  State in which the action is brought." 28 U.S.C. § 1453(b).

5          22.    In determining whether a civil action is properly removable on the

6  basis of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the

7  citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The

8  citizenship of "Does 1 through 50" named in the Complaint is therefore immaterial

9  with respect to removal.

10         23.    Because Plaintiff is, and was at the time he filed the Complaint, a

11 citizen of California; because Defendant NPM Staffing, LLC is, and was at the time

12 Plaintiff filed the Complaint, not a citizen of California, diversity of citizenship

13 exists between the parties and existed at the time the Complaint was filed, diversity

14 of citizenship is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. §

15 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a

16 class of plaintiffs is a citizen of a State different from any Defendant").

17         **C.    The Amount In Controversy Exceeds $5 Million.**

18         24.    Pursuant to CAFA, the claims of the individual members in a class

19 action are aggregated to determine if the amount in controversy exceeds

20 $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because

21 Plaintiff does not expressly plead a specific amount of damages, Defendant, as the

22 removing party "need include only a plausible allegation that the amount in

23 controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*

24 *Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "If a federal court is uncertain

25 about whether 'all matters in controversy' in a purported class action 'do not in the

26 aggregate exceed the sum or value of $5,000,000' the court should err in favor of

27 exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at

28 42 (2005) (citation omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

7

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

25.    A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claim for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1998 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.")

26.    Although Defendant denies Plaintiff's factual allegations and denies that he or the class he seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have "plausibly" put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. §1332(d)(6).[2]

---

[2] The Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the penalties he seeks in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

DB1/ 110230222.1

1.    **Demonstrating the Amount in Controversy**

27.    Plaintiff seeks to represent "all current and former employees within the State of California who… are or were employed as non-exempt hourly employees[.]" Zargarof Decl., Ex. A ¶ 1. He further seeks to represent a Minimum Wage Subclass, Wages and Overtime Subclass, Meal Period Subclass, Rest Period Subclass, Wage Statement Subclass, Termination Pay Subclass, Expense Reimbursement Subclass, and UCL Subclass. *Id.* ¶ 32. Plaintiff further alleges that his claims "are typical of those of Class Members" (*Id.* ¶ 17) and seeks, among other things, compensatory and liquidated damages, restitution, penalties, and attorneys' fees, costs and interest. *Id.* ¶¶ 58, 67, 73, 80, 87, 93, 97, 108, and Prayer.

       a.    **Plaintiff's Sixth Cause of Action for "Violation of Labor Code § 203" (Waiting Time Penalties) Puts More Than $5,000,000 in Controversy.**

28.    Plaintiff alleges that "failed to pay … Class Members all wages due and certain at the time of termination or within seventy-two (72) hours of resignation." *Id.* ¶ 90.

29.    Under California Labor Code § 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Labor Code § 203.

30.    Based on Plaintiff's class definition and allegations, Plaintiff seeks to recover "waiting time" penalties under Labor Code Section 203 for well in excess of, and certainly no fewer than, 3,000 employees whose employment allegedly ended within the meaning of the final pay statutes Labor Code Section 201 *et seq.* The average rate of pay for these individuals is approximately $14.50. As such, the

---

the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

9

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

DB1/ 110230222.1

amount in controversy by Plaintiff's cause of action for Violation of Labor Code Section 203 can be calculated as follows:

**$14.50 per hour * 8 hours per day * 30 days * 3,000 individuals = $10,440,000**

31.     Thus, Plaintiff's cause of action for Violation of Labor Code § 203 alone puts well over $5 million at issue, thereby satisfying the CAFA's amount in controversy requirement.

>           b.      **Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

32.     In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied. Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, and Eighth Causes of Action all place additional amounts in controversy. Plaintiff's First Cause of Action for Failure to Pay Minimum Wages alleges that Defendant "failed to pay Class Members minimum wages for all hours worked," and therefore "Class Members are entitled to recover the unpaid minimum wages…, liquidated damages…, interest thereon and reasonable attorney's fees and costs." Zargarof Decl., Ex. A ¶¶ 46-58.

33.     Plaintiff's Second Cause of Action for Failure to Pay Wages and Overtime Under Labor Code § 510 alleges that Defendant failed to pay "Class Members all earned and owed straight time and overtime wages and other benefits" and therefore, Plaintiff and the putative class members are entitled to recover "the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of statutory penalties[.]" Zargarof Decl., Ex. A ¶¶ 59-67.

34.     Plaintiff's Third Cause of Action for Meal Period Liability Under Labor Code § 226.7 alleges that Defendant "failed to provide Class Members with meal periods as required under the Labor Code" and "failed to compensate Class Members for each meal period not provided or inadequately provided" and

therefore, "Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided[.]" Zargarof Decl., Ex. A ¶¶ 68-73.

35.   Plaintiff's Fourth Cause of Action for Rest-Break Liability Under Labor Code § 226.7 alleges that Defendant "failed to authorize and permit Class Members to take rest periods, as required by the Labor Code" and "did not compensate Class Members with an additional  hour of pay at each Class Member's effective hourly rate for each day that Defendant[ ] failed to provide them with adequate rest breaks" and therefore, "Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks[.]." Zargarof Decl., Ex. A ¶¶ 74-80.

36.   Plaintiff's Fifth Cause of Action for Violation of Labor Code § 226(a) alleges that Defendant "failed to provide Class Members with accurate itemized wage statements in writing, as required by the labor Code" and therefore, "Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial …violation…and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)[.]." Zargarof Decl., Ex. A ¶¶ 81-87.

37.   Plaintiff's Seventh Cause of Action for Reimbursement of Necessary Expenditures Under Labor Code § 2802 alleges that Defendant "Class Members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties" and therefore, "are entitled to recovery of such amounts, plus…attorneys' fees, and costs." Zargarof Decl., Ex. A ¶¶ 94-97.

38.   Plaintiff's Eighth Cause of Action for Violation of Business & Professions Code § 17200, *et seq.* alleges that "Plaintiff and Class Members have been damaged" because Defendant "violated specific provisions of the Labor Code" and therefore, Plaintiff seeks "disgorgement of such profits a smay be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

11

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

1  necessary to restore Class Members to the money [Defendant has] unlawfully failed

2  to pay." *Id.* ¶¶ 98-108.

3      39.    Additionally, Plaintiff seeks recovery of attorneys' fees. Ex. A, Prayer

4  ¶ 16. Attorneys' fees are properly included in determining the amount in

5  controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir.

6  2007). Estimated future attorneys' fees are properly included in determining the

7  amount in controversy, including for class actions seeking fees under Labor Code

8  Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d

9  785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award

10 of attorneys' fees if he is successful, such future attorneys' fees are at stake in the

11 litigation, and must be included in the amount in controversy."). The Ninth Circuit

12 held that future fee estimates can be based on "customary rates and proper fees,"

13 and that "a percentage-based method," such as 25% of the amount in controversy,

14 may also be relevant when estimating the amount of fees included in the amount in

15 controversy. *Id.* at 795 and 796, fn. 6.

16     40.    Defendant denies Plaintiff's claim for attorneys' fees. However, for

17 purposes of removal, even though Defendant has already demonstrated by a

18 preponderance of the evidence that the amount in controversy exceeds $5,000,000,

19 Defendant notes that the inclusion of future attorneys' fees would increase the

20 amount in controversy by a material amount.

21 **V.    <u>VENUE</u>**

22

23     41.    This Court is the proper venue for this action under 28 U.S.C. §

24 1441(a). The State Court Action is pending in the County of San Diego, California,

25 and the United States District Court for the Southern District of California is the

26 United States District Court that corresponds to the place where the State Court

27 Action is pending.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 110230222.1

12

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

## VI.  <u>NOTICE</u>

42.    Defendant will promptly file a removal notice with the Clerk of the Superior Court of the State of California for the County of San Diego, and will serve written notice of the same upon counsel of record for Plaintiff. 28 U.S.C. § 1446(d).

## VII.  <u>CONCLUSION</u>

43.    Based on the foregoing, Defendant respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.


Dated:  December 6, 2019                    MORGAN, LEWIS & BOCKIUS LLP


                                                        By: */s/Jennifer B. Zargarof*
                                                        Jennifer B. Zargarof
                                                        Anahi Cruz
                                                        Attorneys for Defendant
                                                        NPM STAFFING, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

DB1/ 110230222.1