MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
NPM STAFFING, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM STEPHENSON, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NPM STAFFING, LLC, a New Jersey limited liability company; FAIRFIELD RESIDENTIAL HOLDINGS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  **'19CV2337 BEN BLM**<br><br>[San Diego Superior Court Case No. 37-2019-00048001-CU-OE-CTL]<br><br>**DECLARATION OF JENNIFER B. ZARGAROF IN SUPPORT OF DEFENDANT NPM STAFFING, LLC'S NOTICE OF REMOVAL**<br><br>State Action Filed:    Sept. 11, 2019<br><br>State Action Served: Nov. 7, 2019 |

DECLARATION OF JENNIFER B.
ZARGAROF IN SUPPORT OF
DEFENDANT NPM STAFFING, LLC'S
NOTICE OF REMOVAL

1

## DECLARATION OF JENNIFER B. ZARGAROF

2
I, Jennifer B. Zargarof, declare as follows:

3
1.      I am a partner with the law firm of Morgan, Lewis, & Bockius LLP,

4
counsel for Defendant NPM Staffing, LLC ("Defendant" or "NPM"). I make this

5
declaration in support of Defendant's Notice of Removal. I have personal

6
knowledge of the facts set forth in this Declaration or know of such facts from my

7
review of the case documents and the court docket in this matter and other

8
information that is publically available or provided to me by NPM. If called and

9
sworn as a witness, I could and would competently testify thereto. As counsel for

10
Defendant, Morgan, Lewis & Bockius LLP maintains in the ordinary course of its

11
business all pleadings served on or by Defendant in the above-captioned action.

12
2.      Attached hereto as **Exhibit A** is a true and correct copy of the

13
Complaint and related case commencement documents in this action, filed on

14
September 11, 2019, and served personally on Defendants via CSC on November 7,

15
2019.

16
3.      Attached hereto as **Exhibit B** is a true and correct copy of the Answer

17
Defendant filed in this action on December 6, 2019 in the San Diego County

18
Superior Court.

19
4.      Exhibits A and B constitute all process, pleadings, and orders filed by

20
and/or served by Defendant or on Defendant to date in the Action.

21
I declare under penalty of perjury under the laws of the United States of

22
America and the State of California that the foregoing is true and correct. Executed

23
on this 6th day of December, 2019, in Los Angeles, California.

24

25
         _/s/ Jennifer B. Zargarof_
          Jennifer B. Zargarof

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

EXHIBIT A



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NPM STAFFING, LLC, a New Jersey limited liability company;
FAIRFIELD RESIDENTIAL HOLDINGS, LLC, a Delaware limited
liability company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JIM STEPHENSON, an individual on behalf of himself and all others
similarly situated

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**09/11/2019** at 12:05:56 PM<br>Clerk of the Superior Court<br>By Regina Chanez,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court<br><br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2019-00048001-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Yeremian, 535 N. Brand Blvd. Suite 705, Glendale, CA 91203  (818) 230-8380

| DATE:<br>*(Fecha)* | 09/12/2019 | Clerk, by<br>*(Secretario)* | *R. Chanez*<br>R. Chanez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   NPM STAFFING, LLC, a New Jersey limited liability company

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:  San Diego CA 92101-3827<br>BRANCH NAME:        Central | |
| Short Title: STEPHENSON vs NPM STAFFING LLC [E-FILE] | |

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2019-00048001-CU-OE-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

### Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Natalie Haritoonian |
| On Behalf of: | JIM STEPHENSON |
| Transaction Number: | 2697989 |
| Court Received Date: | 09/11/2019 |
| Filed Date: | 09/11/2019 |
| Filed Time: | 12:05 PM |
| Fee Amount Assessed: | $1,435.00 |
| Case Number: | 37-2019-00048001-CU-OE-CTL |
| Case Title: | STEPHENSON vs NPM STAFFING LLC [E-FILE] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

### Comments

### Clerk's Comments:
### Events Scheduled

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil    Case    Management<br>Conference | | 02/21/2020 | 01:30 PM | Central | C-71 |

### Electronic Filing Service Provider Information

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |

---

09/12/2019                         NOTICE OF CONFIRMATION OF FILING

Contact Person:   Customer Support
Phone:   (800) 938-8815

**NOTICE OF CONFIRMATION OF FILING**

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Natalie Haritoonian (SBN 324318)
3  natalie@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  DAVTYAN PROFESSIONAL LAW CORPORATION
   Emil Davtyan (SBN 299363)
7  emil@davtyanlaw.com
   5959 Topanga Canyon Blvd., Suite 130
8  Woodland Hills, CA 91367
   Telephone: (818) 875-2008
9  Facsimile: (818) 722-3974

10 Attorneys for Plaintiff JIM STEPHENSON,
   on behalf of himself and others similarly situated

11

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

09/11/2019 at 12:05:56 PM

Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                        **FOR THE COUNTY OF SAN DIEGO**

14

15 JIM STEPHENSON, an individual on behalf
   of himself and all others similarly situated,

16              Plaintiff,

17              vs.

18 NPM STAFFING, LLC, a New Jersey
   limited liability company; FAIRFIELD
19 RESIDENTIAL HOLDINGS, LLC, a
   Delaware limited liability company; and
20 DOES 1 through 50, inclusive,

21              Defendants.

22

23

24

25

26

27

28

Case No.: 37-2019-00048001-CU-OE-CTL

CLASS ACTION

Assigned for All Purposes To:
Hon.
Dept.:

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Wages and Overtime Under
   Labor Code § 510;
3. Meal Period Liability Under Labor Code §
   226.7;
4. Rest-Break Liability Under Labor Code
   § 226.7;
5. Violation of Labor Code § 226(a);
6. Violation of Labor Code § 203;
7. Failure to Reimburse Necessary Business
   Expenses § 2802; and
8. Violation of Business & Professions Code
   § 17200 et seq.

**DEMAND FOR JURY TRIAL**

- 1 -

**INTRODUCTION**

1.    Plaintiff JIM STEPHENSON ("Plaintiff") brings this action on behalf of himself and the Class Members who are defined as "all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants NPM STAFFING, LLC, FAIRFIELD RESIDENTIAL HOLDINGS, LLC, and DOES 1 through 50" (all defendants being collectively referred to herein as "Defendants").

2.    Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and the California Business & Professions Code, and seeks redress for these violations.

3.    Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions.

**THE PARTIES**

**A.    The Plaintiff**

4.    Plaintiff JIM STEPHENSON has resided in California and, during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California.

**B.    The Defendants**

5.    Defendant NPM STAFFING, LLC, is a New Jersey limited liability company and describes its type of business as "temporary staffing" on the California Secretary of State. Defendant NPM STAFFING, LLC, has been the employer listed on the wage statements and employment records issued to Plaintiff during the relevant time period that Plaintiff was employed with Defendants.

6.    Defendant FAIRFIELD RESIDENTIAL HOLDINGS, LLC, is Delaware limited liability company and describes its type of business as "real estate" on the California Secretary of State. Defendant FAIRFIELD RESIDENTIAL HOLDINGS, LLC has been the employer listed on

1   employment records issued to Plaintiff during the relevant time period that Plaintiff was employed

2   with Defendants. Upon information and belief, FAIRFIELD RESIDENTIAL HOLDINGS LLC

3   jointly employs Class Members either directly or through temporary staffing agencies, such as

4   named Defendant NPM STAFFING, LLC.

5         7.    The true names and capacities, whether individual, corporate, associate, or

6   whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

7   unknown to Plaintiff, who therefore sue these Defendants by such fictitious names under Code of

8   Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

9   designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

10   some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

11   this Complaint to reflect the true names and capacities of the Defendants designated herein as

12   Does 1 through 50 when their identities become known.

13        8.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in

14   all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

15   out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

16   each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

17   all respects as the employers or joint employers of Class Members. Defendants, and each of them,

18   exercised control over the wages, hours or working conditions of Class Members, or suffered or

19   permitted Class Members to work, or engaged, thereby creating a common law employment

20   relationship, with Class Members. Therefore, Defendants, and each of them, employed or jointly

21   employed Class Members.

22        9.    Whenever and wherever reference is made in this Complaint to any act by a

23   defendant or defendants, such allegations and references shall also be deemed to mean the acts and

24   failures to act of each defendant acting individually, jointly, and severally.

25        10.    Whenever and wherever reference is made to individuals who are not named as a

26   Defendant in this Complaint but were agents, servants, employees and/or supervisors of

27   Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope

28   of their employment.

1

**JURISDICTION AND VENUE**

2      11.     This Court has jurisdiction over this Action pursuant to California <u>Code of Civil</u>

3   <u>Procedure</u> § 410.10 and California <u>Business & Professions Code</u> § 17203. This Action is brought

4   as a Class Action on behalf of similarly situated Class Members of Defendants pursuant to

5   California <u>Code of Civil Procedure</u> § 382. Venue as to Defendants is also proper in this judicial

6   district pursuant to California <u>Code of Civil Procedure</u> § 395 *et seq*. Upon information and belief,

7   the obligations and liabilities giving rise to this lawsuit occurred in part in San Diego County.

8   Defendants maintain and operate facilities in San Diego County, and employs Plaintiff and other

9   Class Members in San Diego County, while doing business throughout California.

10

**FACTUAL BACKGROUND**

11     12.     Class Members consistently worked at Defendants behest without being paid all

12   wages due. Class Members were either not paid by Defendants for all hours worked or were not

13   paid at the appropriate minimum, regular and overtime rates. Plaintiff also contends that

14   Defendants failed to pay Class Members all wages due and owing, including by requiring off the

15   clock work, unlawfully rounding to their detriment, failing to provide meal and rest breaks, failing

16   to furnish accurate wage statements, failing to timely pay final wages, and failing to reimburse for

17   necessary business expenses, all in violation of various provisions of the California <u>Labor Code</u>

18   and applicable Wage Orders.

19     13.     During the course of Class Members' employment with Defendants, they were not

20   paid all wages they were owed, including for all work performed (resulting in off the clock work)

21   and for all overtime hours worked, and were forced to work off the clock. Defendants failed to pay

22   Class Members for all hours worked including time spent on training.

23     14.     Moreover, Defendants had a consistent policy and practice of unlawfully rounding

24   hours worked to the detriment of the Class Members. Rather than paying Class Members for all

25   hours and minutes they actually worked, Defendants followed a uniform policy and practice of

26   rounding all time entries to the nearest quarter-hour or half-hour (i.e. to the nearest 15-minute or

27   30-minute time increment), and generally did so to the detriment of the Class Members, and

28   Plaintiff contend this policy is not neutral and resulted, over time, to the detriment of the Class

1    Members by systematically under-compensating them. Rather than reflecting the actual hours
2    worked by Class Members, the time entries were rounded and reduced to reflect the scheduled
3    work time rather than the actual hours worked. These unlawfully rounded time entries were
4    inputted into Defendants' payroll system from which wage statements and payroll checks were
5    created.

6        15.    By implementing policies, programs, practices, procedures and protocols which
7    resulted in off the clock work and also rounded the hours worked by Class Members down to their
8    detriment and systematically failed to pay for all hours worked, Defendants' willful actions
9    resulted in the systematic underpayment of wages to Class Members, including underpayment of
10   overtime pay to Class Members over the relevant time period.

11       16.    As a result of the above described unlawful rounding, requirements to work off the
12   clock, unlawful timekeeping alterations by Defendants, and the other wage violations they endured
13   at Defendants' hands, Class Members were not properly paid all wages earned and all wages owed
14   to them by Defendants, including when working more than eight (8) hours in any given day and/or
15   more than forty (40) hours in any given week.

16       17.    As a result of Defendants' unlawful policies and practices, Class Members incurred
17   overtime hours worked for which they were not adequately and completely compensated, in
18   addition to the hours they were required to work off the clock. To the extent applicable,
19   Defendants also failed to pay Class Members at an overtime rate of 1.5 times the regular rate for
20   the first eight hours of the seventh consecutive work day in a week and overtime payments at the
21   rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work
22   day, as required under the Labor Code and applicable IWC Wage Orders.

23       18.    Therefore, from at least four (4) years prior to the filing of this lawsuit and
24   continuing to the present, Defendants had a consistent policy or practice of failing to pay Class
25   Members for all hours worked, and failing to pay minimum wages for all time worked, as required
26   by California law. Defendants thus failed to pay Class Members at least minimum wages for all
27   the time they worked for Defendants in violation of the Labor Code and applicable IWC Wage
28   Orders as the actual times when Class Members were under the control and direction of

1  Defendants was under reported in the hours reflected on the timekeeping records. Furthermore,

2  Defendants' willful actions resulted in the systematic underpayment of wages to Class Members,

3  including underpayment of overtime pay to Class Members over a period of time.

4      19.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

5  continuing to the present, Defendants had a consistent policy or practice of failing to pay Class

6  Members for all hours worked. Also, from at least four (4) years prior to the filing of this lawsuit

7  and continuing to the present, Defendants also had a consistent policy or practice of failing to pay

8  Class Members their true and correct overtime compensation at premium overtime rates for all

9  hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time

10  rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510

11  and the corresponding sections of IWC Wage Orders.

12      20.    Additionally, Defendants failed to provide all the legally required unpaid, off-duty

13  meal periods and all the legally required paid, off-duty rest periods to Class Members, as required

14  by the applicable Wage Order and Labor Code. Class Members were required to perform work as

15  ordered by Defendants for more than five (5) hours during a shift, but were often required to do so

16  without receiving a lawful and timely meal break. Defendants also required Class Members to

17  respond to work demands. Defendants placed their needs over Class Members lawful meal and

18  rest breaks. This resulted in Class Members often having to work through their scheduled meal

19  and/or rest breaks, or otherwise taking shortened ones, because the demands of the job would not

20  avail them the opportunity to take a lawfully uninterrupted and off duty meal and/or rest break.

21  Specifically, Class Members had to keep their personal cell phones on throughout the day,

22  including during meal and rest breaks. Class Members were and are under Defendants' control

23  when they were required to respond to work demands, and an employer cannot impose any

24  restraints on employees not inherent in the rest period requirement itself. Defendants have

25  provided either impermissibly shortened or untimely meal and rest breaks to Class Members.

26      21.    On the occasions when Class Members worked over 10 hours in a shift, Defendants

27  also failed to provide them with a second, uninterrupted, timely and duty-free meal period. As a

28  result, Defendants' failure to provide Class Members with all legally required off-duty, unpaid

1 meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by

2 Defendants' business records, or lack thereof. Defendants also failed to pay Class Members

3 "premium pay," i.e. one hour of wages at each Class Member's effective hourly rate of pay, for

4 each meal period or rest break that Defendants failed to provide or deficiently provided. While

5 Defendant may contend that it paid Class Members for on-duty meal periods for thirty (30)

6 minutes in a shift, the fact that the opportunity to take meal periods timely or for their full duration

7 was not provided to Class Members requires Defendant to pay premium wages of one full hour of

8 regular wages for each unprovided or untimely or impermissibly shortened meal period.

9     22.    Therefore, for at least four years prior to the filing of this action and through to the

10 present, Defendants have regularly required Class Members to work shifts in excess of five (5)

11 hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes,

12 and shifts in excess of (10) hours without providing them with second meal periods of not less

13 than thirty minutes; nor did Defendants pay Class Members "premium pay," i.e. one hour of

14 wages at each Class Member's effective hourly rate of pay, for each meal period that Defendants

15 failed to provide or deficiently provided.

16     23.    Meal period violations thus occurred in one or more of the following manners:

17         (a)    Class Members were not provided full thirty-minute duty free meal periods

18              for work days in excess of five (5) hours and were not compensated one (1)

19              hour's wages in lieu thereof, all in violation of, among others, Labor Code

20              §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage

21              Order(s);

22         (b)    Class Members were not provided second full thirty-minute duty free meal

23              periods for work days in excess of ten (10) hours;

24         (c)    Class Members were required to work through at least part of their daily

25              meal period(s);

26         (d)    Meal periods were provided after five (5) hours of continuous work during

27              a shift; and

28         (e)    Class Members were restricted in their ability to take a full thirty-minute

1 | meal period.

2 |     24.   Class Members were also not authorized and permitted to take lawful rest periods,

3 | were systematically required by Defendants to work through or during breaks, and were not

4 | provided with one (1) hour's wages in lieu thereof. Class Members were restricted in their ability

5 | to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest

6 | periods. Therefore, from at least four years prior to the filing of this lawsuit and continuing to the

7 | present, Defendants have consistently failed to provide Class Members with paid rest breaks of not

8 | less than ten minutes for every work period of four or more consecutive hours; or major fraction

9 | thereof, nor did Defendant pay Class Members premium pay for each day on which requisite rest

10 | breaks were not provided or were deficiently provided.

11 |     25.   Rest period violations therefore arose in one or more of the following manners:

12 |     (a)   Class Members were required to work without being provided a minimum

13 | ten (10) minute rest period for every four (4) hours or major fraction

14 | thereof worked and were not compensated one (1) hour of pay at their

15 | regular rate of compensation for each workday that a rest period was not

16 | provided;

17 |     (b)   Class Members were not authorized and permitted to take timely rest

18 | periods for every four hours worked, or major fraction thereof; and

19 |     (c)   Class Members were required to remain on-duty during rest periods or

20 | otherwise had their rest periods interrupted by work demands.

21 |     26.   As a result of these illegal policies and practices, Defendants engaged in and

22 | enforced the following additional unlawful practices and policies against Class Members they seek

23 | to represent:

24 |     a.   failing to pay all wages owed to Class Members who either were discharged, laid off, or

25 | resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

26 |     b.   failing to pay all wages owed to the Class Members twice monthly in accordance with

27 | the requirements of Labor Code § 204;

28 |     c.   failing to pay Class Members all wages owed, including all meal and rest period

1    premium wages; and

2        d.  failing to maintain accurate records of Class Members' earned wages and meal periods

3            in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC

4            Wage Orders.

5        27.    Defendants also consistently failed to issue accurate itemized wage statements as

6    required by Labor Code § 226(a). Specifically, the wage statements given to Class Members failed

7    to accurately account for unpaid wages and overtime because Defendants had unlawfully rounded

8    time entries to the detriment of the Class Members and their actual hours worked were under-

9    reported. The wage statements given to Class Members did not account for unpaid wages and

10   overtime also due to off the clock work. Additionally, the wage statements given to Class

11   Members failed to accurately account for premium pay for deficiently provided meal periods and

12   rest breaks.

13       28.    From at least four (4) years prior to filing this lawsuit and continuing to the present,

14   Defendants have thus also had a consistent policy of failing to pay all wages owed to Class

15   Members at the time of their termination of within seventy-two (72) hours of their resignation, as

16   required by California wage-and-hour laws. Specifically, these Class Members were not paid all

17   regular and overtime wages, including by Defendants failing to pay for all hours worked or

18   requiring off the clock work or by unlawful rounding of time entries to the detriment of Class

19   Members, and Defendants failed to pay premium wages owed for unprovided meal periods and

20   rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the

21   required time was willful within the meaning of Labor Code § 203.

22       29.    Additionally, from at least four (4) years prior to the filing of this lawsuit and

23   continuing to the present, Defendants have regularly required Class Members to incur business

24   expenses in the course of performing their required job duties for Defendants, namely, the cost of

25   cellular telephone services which Class Members were required to use in order to execute their

26   duties under Defendants' employ. These expenses incurred by Class Members were necessary and

27   required of them in performing their assigned job duties, but Defendants failed to reimburse Class

28   Members for all such necessary expenditures, thus entitling them to reimbursement according to

1 | proof as required under <u>Labor Code</u> § 2802 and the applicable provisions of the IWC Wage

2 | Orders.

3 |     30.    In light of the foregoing, Plaintiff and Class Members bring this action pursuant to,

4 | *inter alia*, <u>Labor Code</u> §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1185, 1194,

5 | 1194.2, 1197, 1199, and 2802, and California Code of Regulations, Title 8, section 11000 *et seq.*

6 |     31.    Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208, Plaintiff

7 | and the Class Members seek injunctive relief, restitution, and disgorgement of all benefits

8 | Defendants have enjoyed from their violations of <u>Labor Code</u> and the other unfair, unlawful, or

9 | fraudulent practices alleged in this Complaint.

10 |                                 **CLASS ALLEGATIONS**

11 |     32.    Plaintiff seeks to represent the Subclasses composed of and defined as follows:

12 |     a.    <u>Subclass 1.   Minimum Wages Subclass</u>. All Class Members who were not

13 | compensated for all hours worked for Defendants at the applicable minimum wage.

14 |     b.    <u>Subclass 2.   Wages and Overtime Subclass</u>. All Class Members who were not

15 | compensated for all hours worked for Defendants at the required rates of pay, including for all

16 | hours worked in excess of eight in a day and/or forty in a week.

17 |     c.    <u>Subclass 3.   Meal Period Subclass</u>. All Class Members who were subject to

18 | Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-

19 | free meal periods or one hour of pay at the Class Member's regular rate of pay in lieu thereof.

20 |     d.    <u>Subclass 4.   Rest Break Subclass</u>. All Class Members who were subject to

21 | Defendants' policy and/or practice of failing to authorize and permit Class Members to take

22 | uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

23 | thereof, and failing to pay one hour of pay at the Class Member's regular rate of pay in lieu

24 | thereof.

25 |     e.    <u>Subclass 5.   Wage Statement Subclass</u>. All Class Members who, within the

26 | applicable limitations period, were not provided with accurate itemized wage statements.

27 |     f.    <u>Subclass 6.   Termination Pay Subclass</u>. All Class Members who, within the

28 | applicable limitations period, either voluntarily or involuntarily separated from their employment

1  and were subject to Defendants' policy and/or practice of failing to timely pay wages upon
2  termination.

3      g.    Subclass 7. Expense Reimbursement Subclass. All Class Members who incurred
4  necessary and reasonable expenses in connection with performing their job duties for Defendant
5  and who were subject to a policy and/or practice under which such expenses were not reimbursed.

6      h.    Subclass 8. UCL Subclass. All Class Members who are owed restitution as a result
7  of Defendants' business acts and practices, to the extent such acts and practices are found to be
8  unlawful, deceptive, and/or unfair.

9      33.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or
10  modify the class description with greater particularity or further division into subclasses or
11  limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class
12  against Defendants, the Class Period should be adjusted accordingly.

13      34.    Defendants, as a matter of company policy, practice and procedure, and in violation
14  of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements,
15  and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged
16  in a practice whereby Defendants failed to correctly calculate compensation for the time worked
17  by Class Members, even though Defendants enjoyed the benefit of this work, required Class
18  Members to perform this work and permitted or suffered to permit this work. Defendants have
19  uniformly denied these Class Members wages to which these employees are entitled, and failed to
20  provide meal periods or authorize and permit rest periods, in order to unfairly cheat the
21  competition and unlawfully profit.

22      35.    This action has been brought and may properly be maintained as a class action
23  under the provisions of Code of Civil Procedure § 382 because there is a well-defined community
24  of interest in litigation and proposed class is easily ascertainable.

25      **A.    Numerosity**

26      36.    The potential members of the class as defined are so numerous that joinder of all
27  the member of the class is impracticable. While the precise number of class member has not been
28  determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

1 | time period relevant to this lawsuit, hundreds of employees who satisfy the Class definition within
2 | the State of California.

3 |     37.    Accounting for employee turnover during the relevant time period increases this
4 | number substantially. Plaintiff alleges that Defendants' employment records will provide
5 | information as to the number and location of all Class Members.

6 | **B.    Commonality**

7 |     38.    There are questions of law and fact common to the Class that predominates over
8 | any questions affecting only individual Class Members. These common questions of law and fact
9 | include:

10 |     a.    Whether Defendants failed to pay Class Members minimum wages;

11 |     b.    Whether Defendants failed to pay Class Members wages for all hours worked;

12 |     c.    Whether Defendants failed to pay Class Members overtime as required under Labor
13 | Code § 510;

14 |     d.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable
15 | IWC Wage Orders, by failing to provide Class Members with requisite meal
16 | periods or premium pay in lieu thereof;

17 |     e.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage
18 | Orders, by failing to authorize and permit Class Members to take requisite rest
19 | breaks or provide premium pay in lieu thereof;

20 |     f.    Whether Defendants violated Labor Code § 226(a) by providing Class Members
21 | with inaccurate wage statements;

22 |     g.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay
23 | wages and compensation due and owing at the time of termination of employment;

24 |     h.    Whether Defendants' conduct was willful;

25 |     i.    Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage
26 | Orders by failing to maintain accurate records of Class Members' earned wages and
27 | work periods;

28 |     j.    Whether Defendants violated Labor Code § 1194 by failing to compensate all Class

1    Members during the relevant time period for all hours worked, whether regular or

2    overtime;

3    k.    Whether Defendants violated <u>Labor Code</u> § 204 by failing to timely pay wages;

4    l.    Whether Defendants violated <u>Labor Code</u> § 2802 by failing to reimburse all

5    necessary business expenses Defendants required them to incur in performing their

6    job duties;

7    m.    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

8    n.    Whether Class Members are entitled to equitable relief pursuant to <u>Business and</u>

9    <u>Professions Code</u> § 17200 *et seq.*

10   **C.    Typicality**

11   39.    The claims of the named plaintiff are typical of those of Class Members. The Class

12   Members all sustained injuries and damages arising out of and caused by Defendants' common

13   course of conduct in violation of statutes, as well as regulations that have the force and effect of

14   law, as alleged herein.

15   **D.    Adequacy of Representation**

16   40.    Plaintiff will fairly and adequately represent and protect the interest of the Class

17   Members. Counsel who represents Class Members are experienced and competent in litigating

18   employment class actions.

19   **E.    Superiority of Class Action**

20   41.    A class action is superior to other available means for the fair and efficient

21   adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

22   questions of law and fact common to all Class Members predominate over any questions affecting

23   only individual Class Members. Each Class Member has been damaged and is entitled to recovery

24   by reason of Defendants' illegal policies or practices of failing to compensate Class Members

25   properly.

26   42.    As to the issues raised in this case, a class action is superior to all other methods for

27   the fair and efficient adjudication of this controversy, as joinder of all Class Members is

28   impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class

- 13 -

CLASS ACTION COMPLAINT

1    Members. Further, as the economic or other loss suffered by vast numbers of Class Members may

2    be relatively small, the expense and burden of individual actions makes it difficult for the Class

3    Members to individually redress the wrongs they have suffered. Moreover, in the event

4    disgorgement is ordered, a class action is the only mechanism that will permit the employment of

5    a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in

6    managing this case as a class action, and proceeding on a class-wide basis will permit Class

7    Members to vindicate their rights for violations they endured which they would otherwise be

8    foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to

9    them.

10       43.    Class action treatment will allow those persons similarly situated to litigate their

11   claims in the manner that is most efficient and economical for the parties and the judicial system.

12   Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment.

13   Plaintiff contemplates the eventual issuance of notice to the proposed Class Members that would

14   set forth the subject and nature of the instant action. The Defendants' own business records can be

15   utilized for assistance in the preparation and issuance of the contemplated notices. To the extent

16   that any further notice is required additional media and/or mailings can be used.

17       44.    Defendants, as prospective and actual employers of the Class Members, had a

18   special fiduciary duty to disclose to prospective Class Members the true facts surrounding

19   Defendants' pay practices, policies and working conditions imposed upon Class Members as well

20   as the effect of any alleged arbitration agreements that may have been forced upon them. In

21   addition, Defendants knew they possessed special knowledge about pay practices and policies,

22   most notably intentionally refusing to pay for all hours actually worked which should have been

23   recorded in Defendants' pay records and the consequence of the alleged arbitration agreements

24   and policies and practices on Class Members.

25       45.    Class Members did not discover the fact that they were entitled to all pay under the

26   Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about

27   Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively

28   organize and oppose unlawful pay practices under California law as well as obtain injunctive relief

1  preventing such practices from continuing. As a result, the applicable statutes of limitation were

2  tolled until such time as Plaintiff and the Class Members discovered their claims.

3  ### FIRST CAUSE OF ACTION

4  ### FAILURE TO PAY MINIMUM WAGES

5  **(Against All Defendants)**

6  46.    Plaintiff re-alleges and incorporate all preceding paragraphs, as though set forth in

7  full herein.

8  47.    Defendants failed to pay Class Members minimum wages for all hours worked.

9  Defendants had a consistent policy of misstating Class Members' time records and failing to pay

10  Class Members for all hours worked. Class Members would work hours and not receive wages,

11  including as alleged above in connection with off the clock work, unlawful rounding of hours,

12  Defendants, and each of them, have intentionally and improperly changed, adjusted and/or

13  modified the hours of Class Members, which resulted in off the clock work and underpayment of

14  all wages owed to Class Members over a period of time, while benefiting Defendants. During the

15  relevant time period, Defendants thus regularly failed to pay minimum wages to Class Members,

16  to their detriment. Additionally, Defendants had a consistent policy of failing to pay Class

17  Members for hours worked during alleged meal and rest periods for which Class Members were

18  consistently denied, as also addressed herein. Defendants' uniform pattern of unlawful wage and

19  hour practices manifested, without limitation, applicable to the Class as a whole, as a result of

20  implementing a uniform policy and practice that denied accurate compensation to Class Members

21  as to minimum wage pay.

22  48.    In California, employees must be paid at least the then applicable state minimum

23  wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California

24  Labor Code § 204, other applicable laws and regulations, and public policy, an employer must

25  timely pay its employees for all hours worked. Defendants failed to do so.

26  49.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

27  "The minimum wage for employees fixed by the commission is the minimum wage to be paid to

28  employees, and the payment of a less wage than the minimum so fixed is unlawful."

CLASS ACTION COMPLAINT

1    50.    The applicable minimum wages fixed by the commission for work during the

2    relevant period is found in Paragraph 4(A)-4(D) of the IWC Wage Orders.

3    51.    The minimum wage provisions of California Labor Code are enforceable by private

4    civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to

5    work for a lesser wage, any employee receiving less than the legal minimum wage or the legal

6    overtime compensation applicable to the employee is entitled to recover in a civil action the

7    unpaid balance of the full amount of this minimum wage or overtime compensation, including

8    interest thereon, reasonable attorney's fees and costs of suit."

9    52.    As described in California Labor Code §§ 1185 and 1194.2, any action for wages

10    incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

11    California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

12    Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

13    all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may

14    be used as a credit against a minimum wage obligation.

15    53.    In committing these violations of the California Labor Code, Defendants

16    inaccurately recorded, or required Class Members to input times that did not reflect their actual

17    hours worked, or calculated the correct time worked and consequently underpaid the actual time

18    worked by Class Members. Defendants acted in an illegal attempt to avoid the payment of all

19    earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare

20    Commission requirements and other applicable laws and regulations. As a result of these

21    violations, Defendant also failed to timely pay all wages earned in accordance with California

22    Labor Code § 1194.

23    54.    California Labor Code § 1194.2 also provides for the following remedies: "In any

24    action under Section 1194 . . . to recover wages because of the payment of a wage less than the

25    minimum wages fixed by an order of the commission, an employee shall be entitled to recover

26    liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

27    55.    In addition to restitution for all unpaid wages, pursuant to California Labor Code §

28    1197.1, Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely

1  pay each employee minimum wages, and $250.00 for each subsequent failure to pay each

2  employee minimum wages.

3       56.    Pursuant to California Labor Code § 1194.2, Class Members are further entitled to

4  recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

5       57.    Defendants have the ability to pay minimum wages for all time worked and have

6  willfully refused to pay such wages with the intent to secure for Defendants a discount upon this

7  indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Class Members.

8       58.    Wherefore, Class Members are entitled to recover the unpaid minimum wages

9  (including double minimum wages), liquidated damages in an amount equal to the minimum

10  wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant

11  to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request

12  recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the

13  assessment of any statutory penalties against Defendants, in a sum as provided by the California

14  Labor Code, including § 558, and/or other applicable statutes. To the extent minimum wage

15  compensation is determined to be owed to the Class Members who have terminated their

16  employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore

17  these individuals are also be entitled to waiting time penalties under California Labor Code § 203,

18  which penalties are sought herein on behalf of these Class Members. Defendants' failure to timely

19  pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code §

20  226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as

21  alleged herein was willful, intentional and not in good faith. Further, Class Members are entitled

22  to seek and recover statutory costs.

23                          **SECOND CAUSE OF ACTION**

24       **FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

25                            **(Against All Defendants)**

26       59.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

27  full herein.

28       60.    California Labor Code § 1194 provides that "any employee receiving less than the

1    legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

2    recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

3    compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action

4    may be maintained directly against the employer in an employee's name without first filing a

5    claim with the Division of Labor Standards and Enforcement.

6        61.    By their conduct, as set forth herein, Defendants violated California <u>Labor Code</u> §

7    510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Class

8    Members: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8)

9    hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours

10   worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for

11   hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of

12   eight (8) hours on any seventh day of work in a workweek.

13       62.    Defendants had a consistent policy of not paying Class Members wages for all

14   hours worked, including by requiring off the clock work and by unlawfully rounding down actual

15   hours worked. Defendants, and each of them, have intentionally and improperly rounded, changed,

16   adjusted and/or modified certain employees' hours, including Plaintiff's, in order to avoid paying

17   Class Members all earned and owed straight time and overtime wages and other benefits, in

18   violation of the California <u>Labor Code</u>, the California <u>Code of Regulations</u> and the IWC Wage

19   Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants

20   have also violated these provisions by requiring Class Members to work through portions of their

21   meal period. Therefore, Class Members were not properly compensated, nor were they paid

22   overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a

23   given week. Based on information and belief, Defendants did not make available to Class

24   Members a reasonable protocol for correcting time records when Class Members worked overtime

25   hours or to fix incorrect time entries or those that Defendants unlawfully rounded to the Class

26   Members' detriment.

27       63.    Defendants' failure to pay Class Members the unpaid balance of regular wages

28   owed and overtime compensation, as required by California law, violates the provisions of <u>Labor</u>

1    Code §§ 510 and 1198, and is therefore unlawful.

2        64.    Additionally, Labor Code § 558(a) provides "any employer or other person acting
3    on behalf of an employer who violates, or causes to be violated, a section of this chapter or any
4    provisions regulating hours and days of work in any order of the IWC shall be subject to a civil
5    penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each
6    pay period for which the employee was underpaid in addition to an amount sufficient to recover
7    underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each
8    underpaid employee for each pay period for which the employee was underpaid in addition to an
9    amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall
10   be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in
11   this section are in addition to any other civil or criminal penalty provided by law." Defendants
12   have violated provisions of the Labor Code regulating hours and days of work as well as the IWC
13   Wage Orders. Accordingly, Plaintiff and the Class Members seek the remedies set forth in Labor
14   Code § 558.

15       65.    Defendants' failure to pay compensation in a timely fashion also constituted a
16   violation of California Labor Code § 204, which requires that all wages shall be paid
17   semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct
18   violation of that provision of the California Labor Code. Defendants have failed to pay all wages
19   and overtime compensation earned by Class Members. Each such failure to make a timely
20   payment of compensation to Class Members constitutes a separate violation of California Labor
21   Code § 204.

22       66.    Class Members have been damaged by these violations of California Labor Code
23   §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

24       67.    Consequently, pursuant to the California Labor Code, including Labor Code §§
25   204, 510, 558, and 1194, and the applicable IWC Wage Order, paragraph 3(A) and 4(B),
26   Defendants are liable to Class Members for the full amount of all their unpaid wages and overtime
27   compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the
28   assessment of any statutory penalties against Defendants, and each of them, and any additional

1   sums as provided by the <u>Labor Code</u> and/or other statutes.

2   **THIRD CAUSE OF ACTION**

3   **MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

4   **(Against All Defendants)**

5   68.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

6   full herein.

7   69.   Class Members regularly worked shifts greater than five (5) hours and in some

8   instances, greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512 an employer may not employ

9   someone for a shift of more than five (5) hours without providing him or her with a meal period of

10   not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or

11   her with a second meal period of not less than thirty (30) minutes.

12   70.   Defendants failed to provide Class Members with meal periods as required under

13   the <u>Labor Code</u>. Specifically, Defendants required Class Members to respond to work demands

14   during meal periods. Defendants placed their needs over Class Members lawful meal breaks. This

15   resulted in Class Members consistently having to work through their scheduled meal breaks

16   because the demands of the job would not avail them the opportunity to take a lawfully

17   uninterrupted and off-duty meal break. Furthermore, upon information and belief, on the occasions

18   when Class Members worked more than ten (10) hours in a given shift, they did so without

19   receiving a second uninterrupted thirty (30) minute meal period as required by law.

20   71.   Defendants thus failed to provide Class Members with meal periods as required by

21   the <u>Labor Code</u>, including by not providing them with the opportunity to take meal breaks, by

22   providing them late or for less than thirty (30) minutes, or by requiring them to perform work

23   during breaks.

24   72.   Moreover, Defendants failed to compensate Class Members for each meal period

25   not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7 and paragraph 11 of

26   the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee

27   a meal period in accordance with this section, the employer shall pay the employee one (1) hour of

28   pay at the employee's regular rate of compensation for each workday that the meal period is not

- 20 -

1  provided. Defendants failed to compensate Class Members for each meal period not provided or
2  inadequately provided, as required under Labor Code § 226.7.

3       73.    Therefore, pursuant to Labor Code § 226.7 and the applicable IWC Wage Order,
4  paragraph 11, Class Members are entitled to damages in an amount equal to one (1) hour of wages
5  at their effective hourly rates of pay for each meal period not provided or deficiently provided, a
6  sum to be proven at trial, as well as the assessment of any statutory penalties against the
7  Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

8  **FOURTH CAUSE OF ACTION**
9  **REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**
10  **(Against All Defendants)**

11       74.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in
12  full herein.

13       75.    Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders
14  provide that employers must authorize and permit all employees to take rest periods at the rate of
15  ten (10) minutes net rest time per four (4) work hours.

16       76.    Class Members consistently worked consecutive four (4) hour shifts and were
17  generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to
18  authorize and permit them to take rest periods. Pursuant to the Labor Code and the applicable IWC
19  Wage Order, Class Members were entitled to paid rest breaks of not less than ten (10) minutes for
20  each consecutive four (4) hour shift, and Defendants failed to provide Class Members with timely
21  rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Specifically,
22  Defendants placed their needs over Class Members lawful rest breaks. This resulted in Class
23  Members consistently having to work through their scheduled rest breaks because the demands of
24  the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty rest
25  break. Thus, Class Members were consistently denied of their rest breaks.

26       77.    Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders
27  provide that if an employer fails to provide an employee rest period in accordance with this
28  section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of

1    compensation for each workday that the rest period is not provided.

2      78.    Defendants, and each of them, have therefore intentionally and improperly denied

3    rest periods to Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of

4    the applicable IWC Wage Orders.

5      79.    Defendants failed to authorize and permit Class Members to take rest periods, as

6    required by the Labor Code. Moreover, Defendants did not compensate Class Members with an

7    additional hour of pay at each Class Member's effective hourly rate for each day that Defendants

8    failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

9      80.    Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC

10    Wage Orders, Class Members are entitled to damages in an amount equal to one (1) hour of wages

11    at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to

12    be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each

13    of them, in a sum as provided by the Labor Code and/or other statutes.

14 **FIFTH CAUSE OF ACTION**

15 **VIOLATION OF LABOR CODE § 226(a)**

16 **(Against All Defendants)**

17      81.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

18    full herein.

19      82.    California Labor Code § 226(a) requires an employer to furnish each of his or her

20    employees with an accurate, itemized statement in writing showing the gross and net earnings,

21    total hours worked, and the corresponding number of hours worked at each hourly rate; these

22    statements must be appended to the detachable part of the check, draft, voucher, or whatever else

23    serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

24    statements may be given to the employee separately from the payment of wages; in either case the

25    employer must give the employee these statements twice a month or each time wages are paid.

26      83.    Defendants failed to provide Class Members with accurate itemized wage

27    statements in writing, as required by the Labor Code. Specifically, the wage statements given to

28    Class Members failed to accurately account for unpaid wages and overtime because Defendants

1   had unlawfully rounded time entries to the detriment of the Class Members and their actual hours

2   worked were under-reported. The wage statements given to Class Members did not account for

3   unpaid wages and overtime also due to off the clock work. Additionally, the wage statements

4   given to Class Members failed to accurately account for premium pay for deficiently provided

5   meal periods and rest breaks.

6      84.    Throughout the liability period, Defendants intentionally failed to furnish to Class

7   Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages

8   earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any

9   applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the

10  inclusive dates of the period for which the employee is paid, (7) the name of the employee and

11  only the last four digits of his or her social security number or an employee identification number

12  other than a social security number, (8) the name and address of the legal entity that is the

13  employer and (9) all applicable hourly rates in effect during the pay period and the corresponding

14  number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226,

15  amongst other statutory requirements. Defendants knowingly and intentionally failed to provide

16  Class Members with such timely and accurate wage and hour statements.

17     85.    Class Members suffered injury as a result of Defendants' knowing and intentional

18  failure to provide them with the accurate wage and hour statements as required by law and are

19  presumed to have suffered injury and be entitled to penalties under Labor Code § 226(e), as the

20  Defendants have failed to provide wage statements with accurate and complete information as

21  required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and Class

22  Members cannot promptly and easily determine from the wage statement alone one or more of the

23  following: (i) The amount of the gross wages or net wages paid to the employee during the pay

24  period or any of the other information required to be provided on the itemized wage statement

25  pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the

26  employer made from gross wages to determine the net wages paid to the employee during the pay

27  period, (iii) The name and address of the employer and, (iv) The name of the employee and only

28  the last four digits of his or her social security number or an employee identification number other

than a social security number. For purposes of <u>Labor Code</u> § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

86.     Therefore, as a direct and proximate cause of Defendants' violation of <u>Labor Code</u> § 226(a), Class Members suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

87.     Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e) and 1174, and the applicable IWC Wage Order, paragraph 7(B), Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF <u>LABOR CODE</u> § 203

### (Against All Defendants)

88.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

89.     Numerous Class Members, including Plaintiff, are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

90.     Defendants failed to pay these Class Members all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

91.     The wages withheld from these Class Members by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

92.     Defendants failed to pay Class Members without abatement, all wages as defined by applicable California law. Specifically, these Class Members were not paid all regular and overtime wages, including by Defendants failing to pay for all hours worked or requiring off the

1  clock work or by unlawful rounding of time entries to the detriment of Class Members, and

2  Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as

3  further detailed in this Complaint. Defendants' failure to pay said wages within the required time

4  was willful within the meaning of <u>Labor Code</u> § 203.

5      93.    Defendants' failure to pay wages, as alleged entitles these Class Members to

6  penalties under <u>Labor Code</u> § 203, which provides that an employee's wages shall continue until

7  paid for up to thirty (30) days from the date they were due.

8                          **SEVENTH CAUSE OF ACTION**

9  **REIMBURSEMENT OF NECESSARY EXPENDITURES UNDER <u>LABOR CODE</u> § 2802**

10                          **(Against All Defendants)**

11      94.    Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in

12  full herein.

13      95.    Under <u>Labor Code</u> § 2802(a) an employer must indemnify its employees for all

14  necessary expenditures or losses incurred by the employee in direct consequence of the discharge

15  of his or her duties, or of his or her obedience to the directions of the employer.

16      96.    Defendants have regularly required Class Members to incur business expenses in

17  the course of performing their required job duties for Defendants, namely, the cost of cellular

18  telephone services which Class Members were required to use in order to execute their duties

19  under Defendants' employ. These expenses incurred by Class Members were necessary and

20  required of them in performing their assigned job duties, but Defendants failed to reimburse Class

21  Members for all such necessary expenditures. Class Members were not reimbursed for those

22  lawful and necessary work related expenses or losses incurred in direct discharge of their job

23  duties during employment with Defendants and at the direction of the Defendants pursuant to

24  <u>Labor Code</u> § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

25      97.    As a result of the unlawful acts of Defendants, Class Members have been deprived

26  of reimbursement in amounts to be determined at trial; they are entitled to recovery of such

27  amounts, plus interest and penalties thereon, attorneys' fees, and costs.

28  ///

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

98.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

99.    Plaintiff, on behalf of himself, Class Members, and the general public, bring this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Class Members and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

100.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

101.    Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Class Members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

102.    Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to

- 26 -

1  comply with minimum labor standards.

2      103.   Defendants have violated statutes and public policies. Through the conduct alleged

3  in this Complaint Defendants have acted contrary to these public policies, have violated specific

4  provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

5  violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff,

6  and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

7  guaranteed to all employees under the law.

8      104.   Defendants' conduct, as alleged above, constitutes unfair competition in violation

9  of the Business & Professions Code § 17200 *et seq*.

10     105.   Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

11 overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

12 reasonable care should have known that their conduct was unlawful; therefore their conduct

13 violates the Business & Professions Code § 17200 *et seq*.

14     106.   By the conduct alleged herein, Defendants have engaged and continue to engage in

15 a business practice which violates California and federal law, including but not limited to, the

16 applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor

17 Code including Sections 203, 204, 226, 226.7, 512, 1194, 1197, 1198, and 2802 for which this

18 Court should issue declaratory and other equitable relief pursuant to California Business &

19 Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to

20 constitute unfair competition, including restitution of wages wrongfully withheld.

21     107.   As a proximate result of the above-mentioned acts of Defendants, Class Members

22 have been damaged, in a sum to be proven at trial.

23     108.   Unless restrained by this Court Defendants will continue to engage in such

24 unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court

25 should make such orders or judgments, including the appointment of a receiver, as may be

26 necessary to prevent the use by Defendants or their agents or employees of any unlawful or

27 deceptive practice prohibited by the Business & Professions Code, including but not limited to the

28 disgorgement of such profits as may be necessary to restore Class Members to the money

1  Defendants have unlawfully failed to pay.

2  **RELIEF REQUESTED**

3  WHEREFORE, Plaintiff prays for the following relief:

4      1.      For an order certifying this action as a class action;

5      2.      For compensatory damages in the amount of the unpaid minimum wages for work

6  performed by Class Members and unpaid overtime compensation from at least four (4) years prior

7  to the filing of this action, as may be proven;

8      3.      For liquidated damages in the amount equal to the unpaid minimum wage and

9  interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

10      4.      For compensatory damages in the amount of all unpaid wages, including overtime

11  and double-time pay, as may be proven;

12      5.      For compensatory damages in the amount of the hourly wage made by Class

13  Members for each missed or deficient meal period where no premium pay was paid therefor from

14  four (4) years prior to the filing of this action, as may be proven;

15      6.      For compensatory damages in the amount of the hourly wage made by Class

16  Members for each day requisite rest breaks were not provided or were deficiently provided where

17  no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as

18  may be proven;

19      7.      For penalties pursuant to Labor Code § 226(e) for Class Members, as may be

20  proven;

21      8.      For penalties pursuant to Labor Code § 203 for all Class Members who quit or were

22  fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

23      9.      For restitution and/or damages for all amounts unlawfully withheld from the wages

24  for all Class Members in violation of Labor Code § 2802, as may be proven;

25      10.      For restitution for unfair competition pursuant to Business & Professions Code

26  § 17200 et seq., including disgorgement or profits, as may be proven;

27      11.      For an order enjoining Defendants and their agents, servants, and employees, and

28  all persons acting under, in concert with, or for them, from acting in derogation of any rights or

1  duties adumbrated in this Complaint;

2      12.  For other wages and penalties under the Labor Code as may be proven;

3      13.  For all general, special, and incidental damages as may be proven;

4      14.  For an award of pre-judgment and post-judgment interest;

5      15.  For an award providing for the payment of the costs of this suit;

6      16.  For an award of attorneys' fees; and

7      17.  For such other and further relief as this Court may deem proper and just.

8

9  DATED: September 11, 2019                 DAVID YEREMIAN & ASSOCIATES, INC.

10

11                                          By
                                            David Yeremian
12                                          Natalie Haritoonian
                                            Attorneys for Plaintiff JIM STEPHENSON,
13                                          and all others similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4    DATED: September 11, 2019                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                                By: _____
                                                 David Yeremian
7                                                Natalie Haritoonian
                                                 Attorneys for Plaintiff JIM STEPHENSON,
8                                                and all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 30 -

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Natalie Haritoonian (SBN 324318)
David Yeremian & Associates Inc.
535 N. Brand Blvd., Suite 705
Glendale, CA 91203
TELEPHONE NO.: (818) 230-8380   FAX NO.: (818) 230-0308
ATTORNEY FOR *(Name):* Plaintiff, Jim Stephenson

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/11/2019** at 12:05:56 PM

Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Stephenson v. NPM Staffing, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | 37-2019-00048001-CU-OE-CTL |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Gregory W Pollack   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 11, 2019
Natalie Haritoonian
_____(TYPE OR PRINT NAME)_____   ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:       330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
BRANCH NAME:          Central
TELEPHONE NUMBER:  (619) 450-7071

PLAINTIFF(S) / PETITIONER(S):      JIM STEPHENSON

DEFENDANT(S) / RESPONDENT(S):   NPM Staffing LLC et.al.

STEPHENSON VS NPM STAFFING LLC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2019-00048001-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Gregory W Pollack                                        Department: C-71

**COMPLAINT/PETITION FILED:** 09/11/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/21/2020 | 01:30 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2019-00048001-CU-OE-CTL    CASE TITLE: STEPHENSON vs NPM STAFFING LLC [E-FILE]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
               **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
               **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
               **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT B

1   MORGAN, LEWIS & BOCKIUS LLP
    Jennifer B. Zargarof, Bar No. 204382
2   jennifer.zararof@morganlewis.com
    Anahi Cruz, Bar No. 324326
3   anahi.cruz@morganlewis.com
    300 South Grand Avenue
4   Twenty-Second Floor
    Los Angeles, CA  90071-3132
5   Tel:    +1.213.612.2500
    Fax:    +1.213.612.2501
6
    Attorneys for Defendant
7   NPM STAFFING, LLC

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                             COUNTY OF SAN DIEGO

11

12  | JIM STEPHENSON, an individual on behalf of himself and all others similarly situated, | Case No. 37-2019-00048001-CU-OE-CTL |
    |---|---|
13  |  | **DEFENDANT NPM STAFFING, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
                    Plaintiff,
14
                    vs.
15                                              Dept:              C-71
    NPM STAFFING, LLC, a New Jersey limited      Judge:             Gregory W. Pollack
16  liability company; FAIRFIELD                 Date Action Filed: 09/11/2019
    RESIDENTIAL HOLDINGS, LLC, a
17  Delaware limited liability company; and DOES
    1 through 50, inclusive,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   LOS ANGELES

1    Defendant NPM Staffing, LLC (hereinafter "NPM" or "Defendant") hereby submits this

2    Answer to Plaintiff Jim Stephenson's ("Stephenson" or "Plaintiff") Complaint and denies and

3    avers as follows:

4    **GENERAL DENIAL**

5    Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant generally

6    denies all the allegations in Plaintiff's unverified Complaint, and further denies that Plaintiff has

7    been damaged in any amount, or at all. Defendant also specifically denies that it is liable to

8    Plaintiff, or any member of the purported class asserted, for the sum or sums alleged or for any

9    other amount whatsoever.

10    **AFFIRMATIVE DEFENSES**

11    Defendant has not completed its investigation of the facts of this case, has not completed

12    discovery in this matter, and has not completed its preparation for trial. The defenses asserted

13    herein are based on Defendant's knowledge, information, and belief at this time. Defendant

14    specifically reserves the right to modify, amend, or supplement any defense contained herein at

15    any time. Without conceding that it bears the burden of proof or persuasion as to any one of them,

16    Defendant alleges the following separate defenses to the Complaint:

17    **FIRST AFFIRMATIVE DEFENSE**

18    **(Failure to State a Claim)**

19    1.    The Complaint and each alleged cause of action contained therein fails to state a

20    cause of action upon which relief can be granted against Defendant.

21    **SECOND AFFIRMATIVE DEFENSE**

22    **(Statute of Limitations)**

23    2.    Defendant alleges that Plaintiff's claims and the claims of each putative member

24    of the purported class are barred in whole or in part by the applicable statutes of limitations.

25    **THIRD AFFIRMATIVE DEFENSE**

26    **(Lack of Standing)**

27    3.    The Complaint, and each cause of action alleged therein, is barred because

28    Plaintiff lacks standing to bring such claim(s) or to seek such relief against Defendant, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT NPM STAFFING, LLC'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  therefore cannot pursue alleged class action claims or recover any class action relief.

2  ### FOURTH AFFIRMATIVE DEFENSE

3  ### (No Damages)

4      4.     Plaintiff's claims are barred or limited, in whole or in part, because he has suffered

5  no damages as a result of the matters alleged in the Complaint.

6  ### FIFTH AFFIRMATIVE DEFENSE

7  ### (Failure to Mitigate)

8      5.     To the extent Plaintiff and any putative class members seek actual damages from

9  Defendant, any such claim for damages is barred by the failure to mitigate damages.

10  ### SIXTH AFFIRMATIVE DEFENSE

11  ### (Waiver/Release)

12      6.     Defendant is informed and believes, and based upon such information and belief

13  avers, that by their conduct and/or based on a written waiver or release, Plaintiff and/or the

14  putative class members have waived and/or released some or all of the causes of action asserted

15  in the Complaint.

16  ### SEVENTH AFFIRMATIVE DEFENSE

17  ### (Consent)

18      7.     Plaintiff's causes of action are barred, in whole or in part, because of the

19  ratification, agreement, acquiescence or consent to Defendant's alleged conduct by Plaintiff

20  and/or putative class members.

21

22  ### EIGHTH AFFIRMATIVE DEFENSE

23  ### (Unclean Hands)

24      8.     Defendant is informed and believes, and based upon such information and belief

25  avers, that the Complaint, and each cause of action therein, is barred by the doctrine of unclean

26  hands.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT NPM STAFFING, LLC'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

9.    Defendant is informed and believes, and based upon such information and belief avers, that the Complaint, and each and every claim therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10.    Defendant is informed and believes, and based upon such information and belief avers, that the Complaint and each cause of action therein, is barred for the reason that, by their actions, Plaintiff and the putative class members are estopped from bringing any cause of action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

11.    The claims for equitable relief in the Complaint fail because adequate legal remedies may be pursued.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, Recoupment)**

12.    Some or all of the purported causes of action in the Complaint seek damages that are subject to setoff, offset, and/or recoupment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

13.    Defendant is informed and believes, and based upon such information and belief avers, that the Court has no jurisdiction over the subject matter of the Complaint, or parts thereof because Plaintiff failed to adequately exhaust his administrative remedies under the appropriate statutory provisions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Arbitration Agreement)**

14.    Plaintiff and/or certain putative class members and Defendant are parties to a valid pre-dispute arbitration agreement that is governed by the Federal Arbitration Act, the terms of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT NPM STAFFING, LLC'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT

which cover the claims alleged in the Complaint. Therefore, the Court lacks jurisdiction over Plaintiff's and/or certain putative class members' claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Entitlement to Jury Trial – Certain Claims)

15.     Plaintiff is not entitled to a trial by jury of certain of their claims, including his claims under the California Business and Professions Code §§ 17200, *et seq*.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Class Action)

16.     The Complaint and corresponding claims for relief purportedly alleged against Defendant, fail to set forth facts sufficient to constitute a class in that, among other things, members of the class have divergent interests, and questions of law or fact affecting only individual members of the putative class predominate over questions of law or fact common to the members of the putative class.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Unconstitutionality of Penalties)

17.     Plaintiff's claims for "penalties" under the California Labor Code are barred because California's laws, rules and procedures permitting penalties thereunder deny due process and thus violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

18.     Any alleged failure to pay Plaintiff and/or putative class members, which Defendant denies, was based on a good faith understanding of any applicable administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the California Industrial Welfare Commission, the California Division of Labor Standards Enforcement, the United States Department of Labor, and/or other governmental entities.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT NPM STAFFING, LLC'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Willfulness)

19.     If Defendant is found to have failed to pay all wages owed to Plaintiff and/or any putative class member, which Defendant specifically denies, Defendant did not willfully fail to pay Plaintiff any wages allegedly owed.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

## PRAYER

WHEREFORE, Defendant respectfully requests that:

1.     The Complaint be dismissed in its entirety;

2.     Plaintiff's requests for declaratory relief be denied in their entirety;

3.     Plaintiff's requests for monetary damages be denied in their entirety;

4.     Plaintiff's requests for liquidated damages be denied in their entirety;

5.     Plaintiff's requests for incidental damages be denied in their entirety;

6.     Plaintiff's requests for compensatory damages be denied in their entirety;

7.     Plaintiff's requests for penalties be denied in their entirety;

8.     Plaintiff's requests for restitutionary relief be denied in their entirety;

9.     Plaintiff takes nothing by reason of his Complaint and that judgment be rendered in favor of Defendant;

10.     Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action;

11.     The Court award Defendant such other and further relief as the Court may deem just and proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANT NPM STAFFING, LLC'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

2      Dated: December 6, 2019                    MORGAN, LEWIS & BOCKIUS LLP

3
                                                  By
4                                                     Jennifer B. Zargarof
5                                                     Anahi Cruz
                                                      Attorneys for Defendant
6                                                     NPM STAFFING, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1    *Re: San Diego Superior Court  Case Number: 37-2019-00048001-CU-OE-CTL*

2    **PROOF OF SERVICE BY MAIL**

3        I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address

4    is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with

5    the United States Postal Service.

6        On December 6, 2019, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

7

       ANSWER

8

in a sealed envelope, postage fully paid, addressed as follows:

9

10   David Yeremian                          Emil Davtyan
Natalie Haritoonian                 Davtyan Professional Law Corporation

11   David Yeremian & Associates, Inc.      5959 Topanga Canyon Blvd., Ste. 130

12   535 N. Brand Blvd., Ste. 705            Woodland Hills, CA  91367
Glendale, CA  91203

13

14       Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the

15   United States Postal Service on this date.

16       Executed on December 6, 2019, at Los Angeles, California.

17       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19   _Kristina Wilcox_
                                                  _____

20                                              Kristina Wilcox

21

22   DB2/ 37931389.1

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

                                 ANSWER

# ONE LEGAL®

| **Confirmation #:** | 23364428 |
| **Case Title:** | STEPHENSON vs NPM STAFFING LLC [E-FILE] |

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | San Diego County, Superior Court of California |
| **Court Branch:** | Central |
| **Case Title:** | STEPHENSON vs NPM STAFFING LLC [E-FILE] |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | Other employment |
| **Jurisdictional Amount:** | Over $25,000 |
| **Case #:** | 37-2019-00048001-CU-OE-CTL |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 14133224 |
| **Date/Time Submitted:** | 12/6/2019 11:23 AM PT |
| **Client Billing Code:** | 119006-0005 |
| **Contact Name:** | Kristina Wilcox |
| **Attorney Name:** | Anahi Gonzalez |
| **Email Notification:** | Both |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer | Answer | 8 |