MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zararof@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
NPM STAFFING, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JIM STEPHENSON, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NPM STAFFING, LLC, a New Jersey limited liability company; FAIRFIELD RESIDENTIAL HOLDINGS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2019-00048001-CU-OE-CTL<br><br>**DEFENDANT NPM STAFFING, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Dept: C-71<br>Judge: Gregory W. Pollack<br>Date Action Filed: 09/11/2019 |

Defendant NPM Staffing, LLC (hereinafter "NPM" or "Defendant") hereby submits this Answer to Plaintiff Jim Stephenson's ("Stephenson" or "Plaintiff") Complaint and denies and avers as follows:

**GENERAL DENIAL**

Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant generally denies all the allegations in Plaintiff's unverified Complaint, and further denies that Plaintiff has been damaged in any amount, or at all. Defendant also specifically denies that it is liable to Plaintiff, or any member of the purported class asserted, for the sum or sums alleged or for any other amount whatsoever.

**AFFIRMATIVE DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint and each alleged cause of action contained therein fails to state a cause of action upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Defendant alleges that Plaintiff's claims and the claims of each putative member of the purported class are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

3. The Complaint, and each cause of action alleged therein, is barred because Plaintiff lacks standing to bring such claim(s) or to seek such relief against Defendant, and

therefore cannot pursue alleged class action claims or recover any class action relief.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Damages)**

4. Plaintiff's claims are barred or limited, in whole or in part, because he has suffered no damages as a result of the matters alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5. To the extent Plaintiff and any putative class members seek actual damages from Defendant, any such claim for damages is barred by the failure to mitigate damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver/Release)**

6. Defendant is informed and believes, and based upon such information and belief avers, that by their conduct and/or based on a written waiver or release, Plaintiff and/or the putative class members have waived and/or released some or all of the causes of action asserted in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

7. Plaintiff's causes of action are barred, in whole or in part, because of the ratification, agreement, acquiescence or consent to Defendant's alleged conduct by Plaintiff and/or putative class members.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8. Defendant is informed and believes, and based upon such information and belief avers, that the Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

9. Defendant is informed and believes, and based upon such information and belief avers, that the Complaint, and each and every claim therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10. Defendant is informed and believes, and based upon such information and belief avers, that the Complaint and each cause of action therein, is barred for the reason that, by their actions, Plaintiff and the putative class members are estopped from bringing any cause of action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

11. The claims for equitable relief in the Complaint fail because adequate legal remedies may be pursued.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, Recoupment)**

12. Some or all of the purported causes of action in the Complaint seek damages that are subject to setoff, offset, and/or recoupment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

13. Defendant is informed and believes, and based upon such information and belief avers, that the Court has no jurisdiction over the subject matter of the Complaint, or parts thereof because Plaintiff failed to adequately exhaust his administrative remedies under the appropriate statutory provisions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Arbitration Agreement)**

14. Plaintiff and/or certain putative class members and Defendant are parties to a valid pre-dispute arbitration agreement that is governed by the Federal Arbitration Act, the terms of

which cover the claims alleged in the Complaint. Therefore, the Court lacks jurisdiction over Plaintiff's and/or certain putative class members' claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Jury Trial – Certain Claims)**

15. Plaintiff is not entitled to a trial by jury of certain of their claims, including his claims under the California Business and Professions Code §§ 17200, *et seq*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Class Action)**

16. The Complaint and corresponding claims for relief purportedly alleged against Defendant, fail to set forth facts sufficient to constitute a class in that, among other things, members of the class have divergent interests, and questions of law or fact affecting only individual members of the putative class predominate over questions of law or fact common to the members of the putative class.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality of Penalties)**

17. Plaintiff's claims for "penalties" under the California Labor Code are barred because California's laws, rules and procedures permitting penalties thereunder deny due process and thus violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the California Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

18. Any alleged failure to pay Plaintiff and/or putative class members, which Defendant denies, was based on a good faith understanding of any applicable administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the California Industrial Welfare Commission, the California Division of Labor Standards Enforcement, the United States Department of Labor, and/or other governmental entities.

## NINETEENTH AFFIRMATIVE DEFENSE

**(No Willfulness)**

19. If Defendant is found to have failed to pay all wages owed to Plaintiff and/or any putative class member, which Defendant specifically denies, Defendant did not willfully fail to pay Plaintiff any wages allegedly owed.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

## PRAYER

WHEREFORE, Defendant respectfully requests that:

1. The Complaint be dismissed in its entirety;
2. Plaintiff's requests for declaratory relief be denied in their entirety;
3. Plaintiff's requests for monetary damages be denied in their entirety;
4. Plaintiff's requests for liquidated damages be denied in their entirety;
5. Plaintiff's requests for incidental damages be denied in their entirety;
6. Plaintiff's requests for compensatory damages be denied in their entirety;
7. Plaintiff's requests for penalties be denied in their entirety;
8. Plaintiff's requests for restitutionary relief be denied in their entirety;
9. Plaintiff takes nothing by reason of his Complaint and that judgment be rendered in favor of Defendant;
10. Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action;
11. The Court award Defendant such other and further relief as the Court may deem just and proper.

Dated: December 6, 2019

MORGAN, LEWIS & BOCKIUS LLP

By [signature]

Jennifer B. Zargarof
Anahi Cruz
Attorneys for Defendant
NPM STAFFING, LLC

*Re: San Diego Superior Court Case Number: 37-2019-00048001-CU-OE-CTL*

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On December 6, 2019, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

ANSWER

in a sealed envelope, postage fully paid, addressed as follows:

David Yeremian
Natalie Haritoonian
David Yeremian & Associates, Inc.
535 N. Brand Blvd., Ste. 705
Glendale, CA 91203

Emil Davtyan
Davtyan Professional Law Corporation
5959 Topanga Canyon Blvd., Ste. 130
Woodland Hills, CA 91367

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on December 6, 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Kristina Wilcox

Kristina Wilcox

DB2/ 37931389.1

ONE LEGAL®

**Confirmation #:** 23364428
**Case Title:** STEPHENSON vs NPM STAFFING LLC [E-FILE]

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | San Diego County, Superior Court of California |
| **Court Branch:** | Central |
| **Case Title:** | STEPHENSON vs NPM STAFFING LLC [E-FILE] |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | Other employment |
| **Jurisdictional Amount:** | Over $25,000 |
| **Case #:** | 37-2019-00048001-CU-OE-CTL |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 14133224 |
| **Date/Time Submitted:** | 12/6/2019 11:23 AM PT |
| **Client Billing Code:** | 119006-0005 |
| **Contact Name:** | Kristina Wilcox |
| **Attorney Name:** | Anahi Gonzalez |
| **Email Notification:** | Both |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer | Answer | 8 |

Copyright © 2019 One Legal LLC • www.onelegal.com